IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JANALEE ANNETTE WILSON, ) | |
| ) | |
| Movant, ) | |
| ) | Civ. No. 15-1156-JDT-egb |
| VS. ) | Crim. No. 00-10065-JDT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER DIRECTING MOVANT TO SHOW CAUSE WHY THE § 2255
MOTION SHOULD NOT BE DISMISSED

Before the Court is a motion pursuant to 28 U.S.C. § 2255 filed *pro se* by the Movant, Janalee Annette Wilson, an inmate at the Mark H. Luttrell Correctional Center in Memphis, Tennessee.

On November 20, 2000, a federal grand jury returned an indictment charging Wilson with four counts of mail fraud in violation of 18 U.S.C. § 1341, eight counts of wire fraud in violation of 18 U.S.C. § 1343, seven counts of money laundering in violation of 18 U.S.C. § 1957, in connection with a scheme to cause her husband's death and collect the proceeds from several life insurance policies. (No. 00-10026-JDT, ECF No. 1.) The indictment also included one count of criminal forfeiture pursuant to 18 U.S.C. § 982. (*Id.*) On September 19, 2001, a jury convicted Wilson on all but one count of mail fraud and returned a verdict of liability on the forfeiture count.[1] At a hearing on December 14, 2001, the Court sentenced Wilson to a 210-month term of

---

[1] The Court granted judgment of acquittal on count 4, one of the counts of mail fraud, at the close of the Government's proof.

imprisonment, to be followed by a three-year period of supervised release. (*Id.*, ECF No. 74.)[2]

Judgment was entered on December 19, 2001. (*Id.*, ECF No. 77.) The United States Court of Appeals for the Sixth Circuit affirmed. *United States v. Wilson*, 345 F.3d 447 (6th Cir. 2003). Wilson did not file a petition for certiorari with the United States Supreme Court.

On June 29, 2015, Wilson filed her § 2255 motion, accompanied by a legal memorandum and various exhibits. (ECF Nos. 1, 1-1, 1-3, & 1-4.) She filed a motion for summary judgment on September 21, 2015, asking the Court to either rule on her motion or require the United States to file an answer. (ECF No. 5.)

In her § 2255 motion, Wilson raises several issues. She contends that the indictment failed to charge any offense and the Court was, therefore, without jurisdiction to sentence her for actions that were not a crime; that the prosecution was over-reaching and malicious on the part of the United States; that comments made to the jury by the undersigned judge during the course of the trial were misleading and influenced the verdict, resulting in a denial of due process; that the jury was told they

---

[2] The 2000 edition of the *Guidelines Manual* was used to calculate Wilson's sentence. (Presentence Report ("PSR") ¶ 53.) Pursuant to § 3D1.2(d) of the United States Sentencing Guidelines ("U.S.S.G."), counts one, two, three and five through nineteen were grouped under the guideline for Money Laundering, U.S.S.G. § 2S1.1, for which the base offense level was 20. Wilson received a three-level increase because of the amount of the intended monetary loss involved, U.S.S.G. § 2S1.1(b)(2)(D), and a two-level increase because she used a special skill that facilitated the commission of the offense, U.S.S.G. § 3B1.2, resulting in an adjusted offense level of 25. With a criminal history category of I, the guideline sentencing range ordinarily would have been 57-71 months.

However, because Wilson planned the death of her husband in advance and had made at least two and possibly three prior unsuccessful attempts, the Court departed upward ten levels pursuant to the Policy Statement in U.S.S.G. § 5K2.1, to the level corresponding to second degree murder under the Guidelines. Wilson was sentenced to 60 months on each of counts one, three, and five through twelve, and to 30 months on count two, all to run concurrent. She was sentenced to 120 months on each of counts thirteen through nineteen, to run concurrent with each other but consecutive to counts one, two, three and five through twelve, for an effective sentence of 210 months.

needed to find Wilson guilty of causing her husband's death before they could convict, even though the indictment did not charge her with actual murder; and that the Sentencing Guidelines were erroneously applied.

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), § 2255 Rules. Wilson has the burden of proving that she is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

In this case, Wilson's § 2255 motion appears to be facially time barred. Twenty-eight U.S.C. § 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Wilson does not address the limitations period in her motion or memorandum. However, in *Day v. McDonough*, 547 U.S. 198 (2006), the Supreme Court held that before *sua sponte* dismissing a habeas petition as untimely, a district court "must accord the parties fair notice and an opportunity to present their petitions." *Id.* at 210.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). When an appeal is taken to the court of appeals, but no petition for certiorari is filed, "the judgment of conviction becomes final for § 2255 purposes upon the expiration of the ninety-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition is filed." *Johnson v. United States*, 457 F. App'x 462, 464 (6th Cir. 2012) (citing *Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004)).

In this case, Wilson's conviction was affirmed by the Sixth Circuit on October 6, 2003. *See Wilson*, 345 F.3d 447. The ninety-day period for filing a petition for certiorari expired on January

4, 2004. Thus, Wilson's § 2255 motion should have been filed, at the latest, by January 4, 2005. The present motion was filed more than ten years later.

"The doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks and citation omitted). The § 2255 limitations period is subject to equitable tolling. *Benitez v. United States*, 521 F.3d 625, 630 (6th Cir. 2008); *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001) (2001); *see also Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling is available for § 2254 petitions). "[T]he doctrine of equitable tolling is used sparingly by the federal courts." *Robertson*, 624 F.3d at 784; *see also Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson*, 624 F.3d at 784. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Wilson is hereby ORDERED to show cause, within 21 days after the date of this order, why her § 2255 motion should not be dismissed as untimely.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE