IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JANALEE ANNETTE WILSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Civ. No. 15-1156-JDT-egb |
| VS. | ) | Crim. No. 00-10065-JDT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DENYING MOTION FOR RECUSAL AND
DIRECTING UNITED STATES TO RESPOND TO ISSUE OF TIMELINESS

On October 13, 2015, the Court issued an order directing the Movant, Janalee Annette Wilson, to show cause why her motion to vacate sentence, filed pursuant to 28 U.S.C. § 2255, should not be dismissed as barred by the one-year statute of limitations. (ECF No. 7.) Movant filed a response on October 28, 2015. (ECF No. 8.) Movant's response to the show cause order was accompanied by a motion for recusal of the undersigned Judge. (ECF No. 9.)

Movant's only reason for requesting recusal is that the undersigned also presided in her federal criminal proceeding. One of the issues raised in this § 2255 motion is that judicial misconduct tainted the criminal trial; therefore, she argues that it would be a denial of due process for the undersigned to preside in this case. However, the Court notes that Rule 4 of the Rules Governing § 2255 Proceedings specifically provides that a § 2255 motion should be assigned, if possible, "to the judge who conducted the trial and imposed sentence."

Furthermore, even in the absence of Rule 4, recusal would not be necessary. Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

In addition, § 455(a) provides that a judge shall be disqualified "in any proceeding in which his impartiality might reasonably be questioned." Circumstances under which a judge must be disqualified include:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings;
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case . . . ;
> (4) He knows that he . . . has a financial interest in the subject matter in controversy;
> (5) He or his spouse . . . :
>   (i) Is a party to the proceeding . . . ;
>   (ii) Is acting as a lawyer in the proceeding;
>   (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>   (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

*Id.* § 455(b).

A judge must be recused if, knowing all of the circumstances, a reasonable, objective person would question the judge's impartiality. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *Id.* (citation omitted). Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988). A

judge's participation in the proceedings or prior contact with related cases cannot support a demand for recusal. *Sammons*, 918 F.2d at 599. Sections 144 and 455 are to be read *in pari materia* to require that disqualification be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal rather than judicial.[1] *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001); *United States v. Story*, 716 F.2d 1088, 1096 (6th Cir. 1983). A judge is presumed to be impartial, and a party seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge. *United States v. Adams*, 38 F.3d 1217, 1994 WL 589509 (6th Cir. 1994) (citing *Holt v. KMI Continental, Inc.*, 821 F. Supp. 846, 847 (D. Conn.1993)).

Here, Movant's motion for recusal is based solely on the undersigned's participation in the criminal proceedings, not on any extrajudicial conduct. She has submitted no affidavit setting forth any facts that would call into question this Judge's impartiality. Therefore, the motion for recusal is DENIED.

In her response to the order to show cause, Movant seems to make an argument that she is entitled to equitable tolling of the statute of limitations due to her claims of actual innocence and a fundamental miscarriage of justice. Accordingly, the United States is DIRECTED to file a response to Movant's arguments regarding the timeliness of her § 2255 motion within 21 days after the date of this order.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] The Supreme Court has held that § 455(b)'s "extrajudicial source" doctrine also applies to § 455(a). *Liteky v. United States*, 510 U.S. 540, 554-55 (1994).