IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JANALEE ANNETTE WILSON, ) | |
| ) | |
| Movant, ) | |
| ) | Civ. No. 15-1156-JDT-cgc |
| VS. ) | Crim. No. 00-10065-JDT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER TO MODIFY THE DOCKET,
DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is a motion pursuant to 28 U.S.C. § 2255 filed by the Movant, Janalee Annette Wilson, who is currently an inmate at the Women's Therapeutic Residential Center in Henning, Tennessee (West Tennessee State Penitentiary, Site 1).[1] For the reasons stated below, the Court DENIES Wilson's § 2255 motion.

On November 20, 2000, a federal grand jury returned a twenty-count indictment against Wilson. Counts one through four each charged Wilson with mail fraud, in violation of 18 U.S.C. § 1341; counts five through twelve charged separate violations of wire fraud, in violation of 18 U.S.C. § 1343; and counts thirteen through nineteen each charged Wilson with money laundering, in violation of 18 U.S.C. § 1957. Count twenty was a criminal forfeiture count pursuant to 18

---

[1] *See* TN Felony Offender Information at https://apps.tn.gov/foil-app/search.jsp. The Clerk is directed to MODIFY the docket to reflect that Wilson's address is the Women's Therapeutic Residential Center, WTSP Site 1, P.O. Box 150, Henning, TN 38041-1150, and to mail a copy of this order to her at that address.

U.S.C. § 982. (No. 00-10065-JDT, Crim. ECF No. 1.) The charges were brought in connection with Wilson's scheme to cause her husband's death and collect the proceeds from his life insurance policies.

Beginning on September 10, 2001, the case was tried before a jury. (*Id.*, Crim. ECF Nos. 55, 57, 58, 59, 60, 62 & 64.) On September 19, 2001, the Court granted judgment of acquittal as to count four of the indictment, and the jury returned a guilty verdict on counts one through three and five through nineteen. (*Id.*, Crim. ECF Nos. 64, 69 & 70.) The jury also returned a special verdict finding that Wilson's property in the amount of $285,586.37 was subject to forfeiture. (*Id.*, Crim. ECF Nos. 64, 68 & 70.) At a hearing on December 14, 2001, the Court sentenced Wilson to a 210-month term of imprisonment, to be followed by three years of supervised release. (*Id.*, Crim. ECF No. 74.) Judgment was entered on December 19, 2001. (*Id.*, Crim. ECF No. 77.) The conviction and sentence were affirmed on appeal. *United States v. Wilson*, 345 F.3d 447 (6th Cir. 2003).

On June 29, 2015, Wilson filed a motion pursuant to 28 U.S.C. § 2255. (ECF No. 1.) The Court issued an order on October 13, 2015, directing her to show cause why the motion should not be dismissed as untimely. (ECF No. 7.) On October 28, 2015, Wilson filed a motion to recuse the undersigned from this case (ECF No. 9), which was denied (ECF No. 10 at 1-3). Wilson also filed a response to the show cause order on October 28, 2015, in which she argues that she is "actually innocent" of the crimes of which she was convicted, resulting in a fundamental miscarriage of justice. (ECF No. 8.) Therefore, the Court directed the United States to respond (ECF No. 10 at 3), and an answer was filed on November 19, 2015 (ECF No. 11).

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), § 2255 Rules.

Wilson's § 2255 motion is facially time barred. Twenty-eight U.S.C. § 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Wilson did not final a petition for writ of certiorari by the U.S. Supreme Court after the Sixth Circuit affirmed her convictions and sentence, so the judgment in this case was final on January 4, 2004, ninety days after the Sixth Circuit's decision. Therefore, the one-year period for filing a § 2255 motion expired on January 4, 2005. This case was filed on June 29, 2015, more than ten years later.

The statute of limitations for § 2255 motions is subject to equitable tolling. *See Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013). In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court made it clear that equitable tolling is appropriate "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, Wilson states that she is "not arguing the 'due diligence' exception," thus conceding that she is not entitled to equitable tolling.

Nevertheless, Wilson contends she has made a showing of actual innocence that is sufficient to excuse the untimeliness of her motion. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1930-36 (2013), the Supreme Court held that the virtually identical statute of limitations in 28 U.S.C. § 2244(d) can be overcome by a showing of actual innocence. An actual innocence claim is not a request for equitable tolling; rather, it is a request for an "equitable *exception*" to the statute of limitations. 133 S. Ct. at 1931 (emphasis in original).

In order to invoke the actual innocence exception, Wilson must satisfy the standard developed in *Schlup v. Delo*, 513 U.S. 298 (1995), for reviewing a procedurally defaulted claim.

4

That standard first requires a petitioner or movant "to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Id.* at 324. The petitioner must then "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. The new evidence must demonstrate "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

In her § 2255 motion, Wilson re-argues the issues that were raised on direct appeal concerning the sufficiency of the evidence at trial, the Court's factual findings at sentencing, and the legality of the Court's upward departure. In addition, Wilson contends the indictment was insufficient to charge her with a crime; the prosecution by the Government was over-reaching and malicious; that comments made to the jury by the Court during the trial were misleading and influenced the verdict in violation of due process; and that the Court erroneously instructed the jury they had to find she caused her husband's death before they could convict even though the federal indictment did not charge her with murder. However, Wilson has failed to submit any new reliable evidence to support these arguments. Therefore, Wilson's actual innocence claim fails under the *Schlup* standard.

Wilson's § 2255 motion, together with the files and record in this case, "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), § 2255 Rules. An evidentiary hearing is not necessary. Therefore, the § 2255 motion is DENIED.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

There can be no question that the issue raised in this § 2255 motion is without merit for the reasons previously stated. Because any appeal by Wilson on the issues raised in her § 2255 motion do not deserve attention, the Court DENIES a certificate of appealability.

In order to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $505 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a movant must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or

6

otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

For the same reasons the Court denies a certificate of appealability, the Court also CERTIFIES, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Wilson would not be taken in good faith. Therefore, leave to appeal *in forma pauperis* is DENIED. Accordingly, if Wilson files a notice of appeal, she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                              s/ **James D. Todd**
                                              JAMES D. TODD
                                              UNITED STATES DISTRICT JUDGE